41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy W. MARKLING, Defendant-Appellant.
 No. 94-1370.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 29, 1994.*
Decided Nov. 7, 1994.
 
 1
 Before CUDAHY and MANION, Circuit Judges, and HOLDERMAN, District Judge**.
 
 ORDER
 
 2
 This is appellant Timothy Markling's second appearance before this court regarding his conviction for possession of cocaine with the intent to distribute. In Markling's earlier appeal from a denial of his motions to suppress evidence, this court affirmed the district court on all but one issue. See United States v. Markling, 7 F.3d 1309 (7th Cir.1993). In that decision, we remanded to the district court for additional factual findings on the question of whether Detective Thomas Gehl, a Rock County, Wisconsin narcotics detective, would have applied for a search warrant if he had not searched Markling's briefcase. We stated that
 
 
 3
 If the district court finds that Gehl would have sought a warrant even if he had not looked into Markling's briefcase, Markling's guilty plea will stand. But if the court finds that searching Markling's briefcase prompted Gehl to seek a warrant, the court must suppress the evidence found in the search of Markling's hotel room and allow him to withdraw his guilty plea, unless the government can justify introduction of the evidence on some other basis.
 
 
 4
 Id. at 1317-18. Because all the relevant facts were developed at the original hearing, the parties agreed that no new evidentiary hearing was necessary. The court therefore analyzed Gehl's original testimony and the circumstances surrounding the investigation and search and concluded that "Gehl would have applied for a warrant to search defendant's motel room and his car even if he had not looked inside defendant's briefcase and seen drug paraphernalia and traces of white powder."
 
 
 5
 Markling again appeals, claiming that the district court erred in making this finding. Specifically, he contends that Gehl's contemporaneous report proves that Gehl had decided to apply for the warrant only after the search. We will overturn a district court's factual findings only if clearly erroneous. United States v. DiMucci, 879 F.2d 1488, 1494 (7th Cir.1989). In order for a finding to be clearly erroneous, the reviewing court must be left with the definite and firm conviction that a mistake has been made. Id.
 
 
 6
 The district court had a solid factual basis for its ruling. Gehl, among other things, testified at trial that he planned to get a search warrant all along. The search of the briefcase was simply further investigation. "It was part of the decision-making process, but it was also my feeling we had enough based on what the night manager had told us and other things that were involved in the investigation." Gehl also testified that "we had information, enough information based on the observations of the hotel personnel, on our previous intelligence, and on the controlled buys and the observations that had been made during surveillances ... to obtain a search warrant." Asked why he did not get the warrant earlier, Gehl responded that he did not have time and that, because Markling was changing rooms at the motel, "I wouldn't have known which room he was going to" in order to list it on the warrant. The district judge chose to believe Gehl's testimony in this case and we defer to that decision. United States v. Scott, 19 F.3d 1238, 1242 (7th Cir.1994) (reviewing court will defer to a district court's conclusions to the extent they are based on credibility assessments). There is ample evidence in the record to support the finding of the district court in this case and, therefore, we affirm.
 
 
 
 *
 The panel heard oral argument on defendant's direct appeal from his conviction and has decided that an additional argument was unnecessary in this successive appeal
 
 
 **
 Hon. James F. Holderman, District Judge for the Northern District of Illinois, sitting by designation